## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISAIAH HARRIS, | |
| Petitioner, | Civil Action No. 16-6132 (MAS) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

*Pro se* Petitioner Isaiah Harris, a prisoner confined at the United States Penitentiary, Allenwood in White Deer, Pennsylvania, seeks to file a motion to vacate pursuant to 28 U.S.C. § 2255. The Court previously dismissed Petitioner's initial motion because he failed to declare that his motion is his one, all-inclusive motion raising all of his habeas claims. (Order, Oct. 5, 2016, ECF No. 3) ("Prior Order"). Presently before the Court is Petitioner's amended motion, and Petitioner has declared that this is his one, all-inclusive motion. At this time, the Court must screen the amended motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. It appearing:

1. In the amended motion, Petitioner raises, among other things, claims under *Beckles v. United States*, 136 S. Ct. 2510 (2016), a grant of certiorari for a case that has yet to be decided by the Supreme Court. (*See* Prior Order 1 n.1.) In the Prior Order, the Court informed Petitioner that as *Beckles* has not been decided, no habeas claim can yet arise out of that case. (*Id.*) The Court also informed Petitioner that to the extent Petitioner raises any other claims unrelated to *Beckles*, those claims appear to be time-barred. (*Id.*) The Court advised Petitioner to file his motion after *Beckles* has been decided. (*Id.*) Nevertheless, Petitioner files the instant amended motion and asks the Court to stay the case. (Am. Mot. 14, ECF No. 4.)

2. It is not clear from the amended motion whether all of Petitioner's claims arise out of the issues being addressed in *Beckles*. To the extent that they are, the Court declines to stay those claims. "District courts do ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Although the Supreme Court in *Rhines* held that, in certain circumstances, a stay could be granted if a petitioner's claims may later be barred by the statute of limitations, *id.* at 278, ordinarily when a dismissal would not bar a petitioner from later raising his claims, such dismissal would be the more appropriate course, *id.* at 274 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). Given that *Beckles* has yet to be decided, Petitioner's right to relief has not even accrued, so there are no statute of limitations issues regarding his *Beckles* claims. As such, Petitioner's request to stay is denied, and Petitioner's *Beckles* claims are dismissed without prejudice.

3. To the extent some of the claims raised in the amended motion are not related to *Beckles*, those claims are time-barred. Title 28, Section 2255 of the United States Code requires that "[a] 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In most cases and in this particular case, the one-year period begins on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1).

> [A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003).

4. Here, Petitioner was sentenced on April 3, 2014, and Petitioner did not appeal. (Am. Pet. 2-3.) The initial § 2255 motion, dated September 21, 2016, was not filed with the Court until September 29, 2016, more than two years later. Petitioner makes no tolling argument, other than that his *Beckles* claims, which the Court already dismissed above, are not time-barred. (Am. Pet. 12.) Accordingly, to the extent that the amended motion raises any claims unrelated to *Beckles*, those claims are dismissed with prejudice as time-barred.

5. Lastly, the Court declines a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the § 2255 motion is correct.

_/s/ Michael A. Shipp_
**Michael A. Shipp**
United States District Judge

Date: 11/17/16